## .W. F. STROBEL v. THORSTEN THORSTENSEN.

### (144 N. W. 673.)

Defendant went to the plaintiff's place of business and asked to be shown a buggy. After inspection, he told· plaintiff that he would give him $30 in cash and a colt which he valued at $100 for one of the buggies. Plaintiff said: "All right, I will go out and look at the colt in a day or two," whereupon he took the $30 in cash and delivered the buggy to the defendant. About six weeks thereafter he went to the farm of the defendant to examine the colt, but no agreement was reached regarding its value. Upon the facts which are set forth in full in the opinion, it is *held:*

**Pleading — sale — trade or exchange — directed verdict — express agreement — estoppel — burden of proof.**

That the allegations of the complaint to the effect that defendant had agreed to pay $130 for the buggy are not substantiated by the evidence, and that the court should have allowed the motion of defendant for a directed verdict. The plaintiff had brought about the misunderstanding himself, and it was his duty to promptly return the $30 and take back his buggy when the same was tendered to him by the defendant at the time when he first learned that an agreement could not be reached. Having left the buggy with defendant, and misled him by his conduct, he cannot now claim any express agreement upon the part of the defendant to pay cash instead of payment by delivery of the colt. Having the burden of proof, he must substantiate the allegations of his complaint in this action.

Opinion filed November 25, 1913. Rehearing denied December 18, 1913.

Appeal from the County Court of Wells County, *Jansonius,* J. Reversed.

*Youngblood & Whipple,* for appellant.

The verdict was substantially insufficient under the statute, in that no amount of money was therein stated or found, and, on defendant's objection made upon the return thereof by the jury, the court should have refused to accept same as the verdict of the jury. Rev. Codes 1905, § 7035; Sonnesyn v. Akin, 14 N. D. 248, 104 N. W. 1026; Van Benthuysen v. DeWitt, 4 Johns. 213; Cates v. Nickell, 42 Mo. 169; Burghart v. Brown, 60 Mo. 24; Gerhab v. White, 40 N. J. L. 242; Gaither v. Wilmer, 71 Md. 361, 5 L.R.A. 756, 17 Am. St. Rep. 542, 18 Atl. 590; Louisville & N. R. Co. v. Hartwell, 99 Ky. 436, 36 S. W. 183, 38 S. W. 1041; Bartle v. Plane, 68 Iowa, 227, 26 N. W. 88; Fryberger v. Carney, 26 Minn. 84, 1 N. W. 807; Washington v. Calhoun, 103 Ga. 675, 30 S. E. 434; Watson v. Damon, 54 Cal. 278; Taylor v. Hathaway, 29 Ark. 597.

The newly discovered evidence proposed on motion for new trial was not cumulative, and the rule applying to cumulative evidence does not apply where the party to the action is the principal witness. Sluman v. Dolan, 24 S. D. 32, 123 N. W. 72.

The mere fact that the proposed new evidence is in a sense cumulative is not sufficient reason for refusing a new trial. The *test* is whether or not the newly discovered evidence probably would or ought

to change the result on another trial. St. Paul Harvester Co. v. Faulhaber, 77 Neb. 477, 109 N. W. 762; Hanson v. Bailey, 96 Minn. 274, 104 N. W. 969; Goldsworthy v. Linden, 75 Wis. 24, 43 N. W. 656; Whereatt v. Ellis, 70 Wis. 215, 5 Am. St. Rep. 164, 35 N. W. 314; Cleveland v. Hopkins, 55 Wis. 387, 13 N. W. 225; State v. Laper, 26 S. D. 151, 128 N. W. 476.

*John A. Layne,* for respondent.

The *sale* of the buggy was absolutely made when the price was fixed and plaintiff agreed to sell and defendant agreed to buy it. Rev. Codes 1905, §. 5394.

Where the verdict is supported by substantial evidence, even though disputed, the higher court will not disturb it, unless there has been prejudicial error or abuse of discretion. F. A. Patrick & Co. v. Austin, 20 N. D. 261, 127 N. W. 109; Acton v. Fargo & M. Street R. Co. 20 N. D. 434, 129 N. W. 225.

Objections to a verdict must be made at time of rendition, so that the court may have opportunity to have specified errors corrected. Nichols & S. Co. v. Steinkraus, 83 Neb. 1, 119 N. W. 23.

The verdict is sufficient both as to form and substance, because the *amount was not in issue.* In determining the sufficiency of a verdict, the court will view it in the light of the pleadings, the proof, and the instructions given. 13 Cyc. 249; English v. Goodman, 3 N. D. 129, 54 N. W. 540; Fryberger v. Carney, 26 Minn. 84, 1 N. W. 807.

Where the amount is not in issue, a verdict generally in favor of either party is sufficient without assessing damages, even where the statute requires such assessment. 38 Cyc. 1880; Jones v. King, 30 Minn. 368, 15 N. W. 670; Leftwich v. Day, 32 Minn. 512, 21 N. W. 731; Cohues v. Finholt, 101 Minn. 180, 112 N. W. 12; Hodgkins v. Mead, 119 N. Y. 166, 23 N. E. 559.

Newly discovered evidence, as a ground for new trial, is generally looked upon with disfavor. Heyrock v. McKenzie, 8 N. D. 601, 80 N. W. 762.

Diligence should be clearly shown. Rev. Codes 1905, § 7063.

Such a motion is addressed to the sound judicial discretion of the court, and its action will not be disturbed unless clear abuse appears. State v. Albertson, 20 N. D. 512, 128 N. W. 1122; Breeden v. Mertens, 21 S. D. 357, 112 N. W. 960; Rev. Codes 1905, § 7065.

On such motion, counter affidavits may be used in this class of cases. Libby v. Barry, 15 N. D. 286, 107 N. W. 972.

BURKE, J. In April, 1910, plaintiff was conducting a farm machinery business in Fessenden, North Dakota, and defendant operated a farm near town. About that time defendant went to the business place of the plaintiff looking for a buggy. In view of our conclusion that a verdict should have been directed for the defendant, we will give the statement of facts in plaintiff's own language: "He came in and asked me for a buggy. I showed him all on the floor, and he picked out a buggy and asked me the price. I told him what the price of that buggy was, and he says, Well I like this buggy, I got a colt I want to trade in for this buggy. I said, All right, we will do that; then I said, How much do you want for this colt, and he says, $100. I said all right, if it is what you say it is. I couldn't go out that day as my partner wasn't here, but in a couple of days we will go out. I says we have no pasture, and he says he will keep the colt until fall. I says, All right, in that way we can make the trade all right; so we closed the deal, and he offered me $30 in cash, and was to come in in a couple of days and see if the colt was worth the money. . . . So, in a couple of days we went out to the place and asked him where the colt was, . . . and we looked at the colt, and when we saw the colt I wouldn't say anything right away, but Mr. Albus, my partner, said it was very small, and we couldn't give more than $80, and Thorstensen said, No, he couldn't let the colt go less than $100, so we stood there for maybe two hours, and Mr. Thorstensen wouldn't take less than $100, and we wouldn't give that, because the colt wasn't worth it. So, after standing there awhile finally my partner says we must do something. We offered Mr. Thorstensen $90, and if he will take that we will take the colt; so I says to Mr. Thorstensen, if you will keep the colt as you agreed in the first place, that is that you will pasture it until fall, we will take the colt for $90, but he said, No, no less than $100. We went then towards his place on the south side of his house; we couldn't make any bargain with him, he wanted $100, and we wouldn't give him more than $90, so we went over to the automobile. I said before we left, you had better take us up on that deal, we will give you $90, and you give that colt a little oats and if any-

thing happens let us know. No, he said, I won't take anything less than $100. I said we couldn't give that, so that was all there was to it."

This conversation is corroborated by Mr. Albus, who was a partner of the plaintiff at that time, and is substantially the same version of the transaction given by the defendant himself. In addition to this testimony the defendant testifies, and he is not contradicted by the plaintiff in so testifying, that he had kept the colt until the fall and had then taken it into Fessenden and tendered it to plaintiff, and upon his refusal to accept the same placed the colt in the livery barn and notified plaintiff, and he had not seen the colt since. He further testifies that when the two partners visited his farm for the purpose of examining the colt, that he had offered to return the buggy to the plaintiff if he would return to him the $30 in cash which he had paid, and this conversation is not denied by either of the partners. Defendant further testifies that when they went away from his place that he understood that they had acceded to his demands and agreed to take the colt as a $100 payment upon the buggy. At the close of the plaintiff's case, and again at the close of the entire evidence, defendant moved for a directed verdict in his favor, which motions were denied by the trial court and the verdict returned for the plaintiff, which verdict failed to state any definite sum as damages. The view, however, that we take of the case, renders it unnecessary to pass upon this question. In due time the defendant served notice of intention to move for a new trial.

(1) The first error assigned, and the only one which we need consider in this case, is the failure of the trial court to direct a verdict for defendant as requested. We are satisfied that this motion should have been allowed.

The complaint of the plaintiff alleges that he "sold and delivered to the defendant a buggy at the agreed price of $130. That the defendant has not paid the same or any part thereof except the sum of $30, and that there is now due and owing to this plaintiff the sum of $100 together with interest." It is upon this complaint that he must stand at this time. From his own evidence, however, it appears that the defendant never agreed to pay the $100 in cash, but that at all times he insisted that this part of the purchase price should be repre-

sented by this particular colt. The plaintiff allowed him to take the buggy to his farm with the express understanding that they would take the colt if it were as represented. They claim that the colt was smaller than they had expected, but that fact would not give them the authority to charge the defendant up with $100 cash. If he did not like the situation which he himself had created, it was his duty to take immediate steps to place the parties *in statu quo* and promptly notify the defendant that negotiations had ceased. He had at that time $30 in cash paid upon this deal by the defendant, and it was his duty to return this amount and take his buggy when it was tendered. Not having done this, and having in fact misled the defendant into keeping and using the buggy and caring for the colt, he has prejudiced him in his substantial rights. According to the evidence in this case, the defendant has paid the $30 in cash and delivered the colt to the plaintiff after keeping him all summer according to his offer. It would be very unjust to force him now to pay plaintiff $100 in addition. Of course, on the other hand, the plaintiff probably has not received the colt, which is his own fault, as it was tendered to him, and, of course, he never agreed to receive the colt, but his dilemma is the result of his own carelessness in leaving the negotiations in the condition in which he left them. We are aware of the fact that plaintiff was recalled after he had rested his case, and testified as follows: "The day that Mr. Thorstensen came in to look at the buggy, he agreed to take it at $130 before anything was said about the colt. He first looked at the buggy and then he asked me for the price, and I said $130, and after that he told me about the colt, and I told him I would look at the colt." This was nothing more than an opinion of the plaintiff, and does not amount to a statement of an ultimate fact. He had already given the conversation in full, and this conversation shows that the defendant did not agree to take the buggy for $130 cash. The attorneys for plaintiff recognized this in their brief when they said that there was no express contract, but that they must rely for recovery upon an implied contract. In view of this admission of the attorneys, and the plain fact that this conclusion of the plaintiff is utterly inconsistent with his detailed testimony, we must disregard it entirely.

Being the plaintiff in this action, upon whom the burden of proof

rests, he must prove the allegations of his complaint in a legal manner. Were conditions reversed, and the defendant asking relief in court, it might be that his conduct might preclude him from receiving the aid of the law, but that question, of course, is not before us.

Respondent in his brief concedes that there was no express agreement to pay $100, but says the defendant is liable upon an implied promise to pay. This implied promise to pay arises when, for example, a purchaser enters a store or other place of business and takes therefrom goods without any express promise to pay. In those cases the law implies a promise upon his part to pay the price of the goods, but conditions would be altogether different if the purchaser made an agreement with the keeper of the store that the goods were to be paid for in, say, potatoes, and the potatoes were actually tendered to the storekeeper. In that case it would hardly be claimed that the storekeeper could refuse to accept the potatoes and insist that the purchaser pay him his full price in cash.

The appellant has not asked for judgment notwithstanding the verdict, so all we can now do is to order a new trial of the action.

Fisk, J. I am for affirmance. I can discover no merit in any of appellant's contentions. The action was tried both in the justice and county courts, each trial resulting in plaintiff's favor. The jury was justified, under the evidence, in finding that a sale of the buggy was made to defendant at the agreed price of $130, with an additional or collateral understanding or agreement had later that a portion of such purchase price ($100) was to be paid by transferring to Strobel & Company a certain colt, provided the latter, upon inspection, should find such colt to be as represented by defendant. The sale of the buggy was not conditional upon the acceptance of the colt in part payment, but the acceptance of such colt in part payment was conditional upon its proving to be as represented. The jury had a right to believe, and no doubt did believe, the following testimony given by plaintiff:

"The day that Mr. Thorstensen came in to look at the buggy he agreed to take it at $130 before anything was said about the colt."

Such testimony was not objected to in any way, and I think the same amply justifies the verdict of the jury.

Spalding, J. I concur in the above.